J-S28037-19

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK S. GULDEN, | : | |
| | : | |
| Appellant | : | No. 1955 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 8, 2018
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001937-2013
CP-54-CR-0001942-2013

BEFORE:    BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:               **FILED JULY 02, 2019**

Patrick S. Gulden (Appellant) appeals from the aggregate judgment of sentence of 12 to 24 months of incarceration imposed after Appellant's probation was revoked at docket numbers 1937 of 2013 and 1942 of 2013. Upon review, we quash this appeal.

In light of our disposition, a complete recitation of the lengthy procedural history of this matter is unnecessary. Relevant to this appeal, on November 8, 2018, Appellant's probation was revoked at both docket numbers, and he was sentenced to serve consecutively 6 to 12 months of incarceration at each docket number.

Appellant timely filed a motion for reconsideration of his sentence, which was denied. On November 27, 2018, Appellant *pro se* filed a single

---

*Retired Senior Judge assigned to the Superior Court.

notice of appeal challenging his sentences at both docket numbers.[1] The trial court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant filed one *pro se*. The trial court conducted a hearing regarding Appellant's desire to proceed *pro se* and permitted counsel to withdraw.[2] Order, 12/11/2018. The trial court filed an opinion in accordance with Pa.R.A.P. 1925(a).

On appeal, Appellant, now represented by counsel,[3] challenges the discretionary aspects of Appellant's sentence. **See** Appellant's Brief at 3. Before we reach the issue presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal raising an issue that relates to two docket numbers.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides

---

[1] Appellant was represented by counsel at this time. However, the trial court correctly docketed this notice of appeal, as notices of appeal are an exception to the general prohibition against hybrid representation. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding "this Court is required to docket a *pro se* notice of appeal despite Appellant['s] being represented by counsel").

[2] The transcript of this hearing is not included in the certified record.

[3] New counsel was appointed by the trial court via an order dated January 24, 2019.

that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." In ***Walker***, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Id.*** at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date ***Walker*** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." ***Id.*** at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." ***Id.***

In this case, on November 8, 2018, Appellant filed a single notice of appeal from a judgment of sentence, which listed two docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in ***Walker***, we must quash this appeal.[4] ***See Commonwealth v. Williams***, 206 A.3d 573 (Pa. Super. 2019) (quashing a single notice of appeal filed on June 4, 2018, by a *pro se* prisoner from an order denying a

---

[4] On February 11, 2019, this Court issued a rule to show cause upon Appellant regarding the ***Walker*** issue. Appellant timely filed a response, in which he acknowledged the ***Walker*** error. Appellant requested that this Court review the appeal anyway or permit him to file corrected notices of appeal. Response, 3/7/2019. However, under these circumstances, Appellant would have to file new notices of appeal, not merely amend his notice of appeal. It is well settled that this Court is prohibited from enlarging the time to file a notice of appeal beyond the 30-day timeframe. ***See*** Pa.R.A.P. 105(b). Thus, we can neither review the appeal nor permit counsel to amend the appeal.

J-S28037-19

PCRA petition pertaining to multiple docket numbers); **Commonwealth v.**

**Nichols**, ___ A.3d ___, 2019 WL 1783645 (Pa. Super. 2019) (same).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019

- 4 -