J-S34008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS COOK | : | |
| | : | |
| Appellant | : | No. 925 WDA 2018 |

Appeal from the PCRA Order Entered May 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000169-2010,
CP-02-CR-0018195-2009, CP-02-CR-0018198-2009

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JULY 12, 2019**

Appellant, Thomas Cook, filed a single *pro se* Notice of Appeal from the May 22, 2018 Order that denied, as untimely, his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, at three separate lower court docket numbers. After careful review, we are constrained to quash this appeal.

Initially, we must address the fact that Appellant filed a single Notice of Appeal for his appeals at three separate lower court docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) provides that an appeal may be taken from any final order, and the Official Note to the Rule clarifies: "[w]here . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Official Note.

---

* Retired Senior Judge assigned to the Superior Court.

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and held that "[t]he failure to do so requires the appellate court to quash the appeal." ***Walker***, 185 A.3d at 976–77.

The Supreme Court decided ***Walker*** on June 1, 2018. Appellant filed his Notice of Appeal, listing three separate lower court docket numbers, on June 20, 2018.[1] Because Appellant filed his non-compliant Notice of Appeal

---

[1] On August 8, 2018, this Court issued a Rule to Show Cause why Appellant's appeal should not be quashed, pursuant to ***Walker***. Appellant filed a timely response, arguing that he is incarcerated and unable to research recent decisions such as the one made in ***Walker***, and that it was "manifestly unreasonable and prejudicial" for Appellant to be expected to know about a Supreme Court decision made only 19 days before he filed his Notice of Appeal. Response, filed 8/16/18, at ¶¶ 1, 2. On August 27, 2018, this Court issued an Order discharging the Rule to Show Cause and referring the issue to the merits panel. We recognize that Appellant has limited access to information while incarcerated. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017) (concluding that a *pro se* prisoner's access to public records is compromised). However, Appellant's arguments are unavailing as neither Rule 341 nor ***Walker*** indicate that a different standard should apply when an appellant is incarcerated. On the contrary, in ***Commonwealth v. Williams***, 206 A.3d 573, 576 (Pa. Super. 2019), this Court quashed a *pro se* notice of appeal, which contained multiple lower court docket numbers, filed by an incarcerated appellant 4 days after the ***Walker*** decision. As ***Williams*** is analogous to the instant case, we are constrained to quash this appeal. ***See Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").

- 2 -

after the date of the **Walker** decision, we are constrained to quash the appeal.[2, 3] **See Walker**, 185 A.3d at 977; **Williams**, 206 A.3d at 576.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2019

---

[2] If this Court were not constrained to quash this appeal, we would affirm the PCRA court's Order that dismissed Appellant's PCRA Petition as untimely. Appellant filed his PCRA Petition on January 8, 2018, more than six years after his Judgment of Sentence became final on March 3, 2011, and failed to plead any exceptions to the PCRA time bar, rendering this Court without jurisdiction to consider the issues that Appellant raises on appeal. **See** 42 Pa.C.S. § 9545(b)(1).

[3] In light of our disposition, Assistant District Attorney Gretchen Panchik's Praecipe to Withdraw as Counsel is denied as moot.