J-S41017-19

2019 PA Super 241

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR. | : | |
| | : | |
| Appellant | : | No. 2066 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001064-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR. | : | |
| | : | |
| Appellant | : | No. 2067 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004360-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR. | : | |
| | : | |
| Appellant | : | No. 2068 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004367-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |

J-S41017-19

|  | : |  |
|---|---|---|
|  | : |  |
| LAWRENCE EDWIN CREESE, SR. | : |  |
|  | : |  |
| Appellant | : | No. 2069 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004379-2013

BEFORE:    LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

OPINION BY MURRAY, J.:                                    **FILED AUGUST 14, 2019**

Lawrence Edwin Creese, Sr. (Appellant) appeals from the order dismissing as untimely his petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we are constrained to quash this appeal.

On December 18, 2018, the PCRA court issued its order denying relief; the order listed four docket numbers.  On December 20, 2018, Appellant filed a timely appeal "that included all docket numbers in each related case." Answer to Rule to Show Cause, 1/22/19, at 1.  Our review of the record reveals that four separate photocopies of the notice of appeal, each listing all four docket numbers, were entered on the trial court docket, and accordingly, on this Court's docket.

On January 11, 2019, we issued a rule to show cause for Appellant to explain why we should not quash the appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). **See** Order – Rule to Show Cause, 12/11/19.

On January 22, 2019, Appellant filed a response, in which he admitted to filing the notice of appeal that included all four docket numbers, and conceding "counsel was previously unaware of the rule in **Commonwealth v. Walker**." Response to Rule to Show Cause, 1/22/19. Appellant further averred that no party would be prejudiced by "this technical error." **Id.** By order dated January 25, 2019, this Court discharged the rule to show cause and referred the matter to the merits panel.

The Official Note to Rule 341(a) of the Pennsylvania Rules of Appellate Procedure, which was amended in 2013, provides:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, it was common for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. **See, e.g.**, **In the Interest of P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In **Commonwealth v. Walker**, however, our Supreme Court held unequivocally that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." **Walker**, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." **Id.** at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that it would apply only to appeals filed after **June 1, 2018**, the date **Walker** was filed. **Id.**

> Recently, this Court stated:
>
> In **Walker**, our Supreme Court construed the [Rule 341] language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Therefore, the **Walker** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Id.** at 977. . . . Accordingly, the **Walker** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** (emphasis added).

**Commonwealth v. Williams**, 206 A.3d 573, 575–76 (Pa. Super. 2019) (emphasis in original).

- 4 -

Instantly, we apply **Walker** because Appellant's notice of appeal was filed after the **Walker** decision requiring that an appellant file a separate notice of appeal for each lower court docket number. Here, the record contains four identical notices of appeal listing all four docket numbers. After careful consideration, we find that Appellant has not met **Walker**'s mandate.[1]

We read our Supreme Court's decision in **Walker** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number.[2] We recognize the severity of this application. However, if we consistently apply **Walker** by quashing any

---

[1] Given Appellant's January 22, 2019 response to this Court's rule to show cause, in which counsel states "**A** timely notice of appeal in this matter was filed . . ." and "undersigned counsel was previously **unaware** of the ruling in **Walker** . . ." (emphasis added), it appears that one notice of appeal listing all four docket numbers was simply photocopied and placed in each record, conceivably by the clerk of courts. It is impossible to be sure whether that occurred, or whether counsel himself filed four copies of the notice of appeal.

[2] Our Court will then assign an appellate docket number to each case, and either consolidate the appeals by *per curiam* order, or assign them consecutive journal numbers, at which point the panel may then consolidate the appeals if it so chooses. The four captions in this appeal, which were generated administratively, do not cure the **Walker** violation. The clerk of courts have purely ministerial powers. **See In re Administrative Order**, 936 A.2d 1, 9 (Pa. 2007) ("It is 'well settled' in the intermediate appellate courts of this Commonwealth that the role of the Prothonotary of the court of common pleas, while vitally important, is purely ministerial. … Further, as '[t]he Prothonotary is merely the clerk of the court of Common Pleas[,] [h]e has no judicial powers, **nor does he have power to act as attorney for others by virtue of his office**.") (emphasis added)).

notice of appeal filed after June 1, 2018 that contains more than one docket number, consistent with **Walker**, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy **Walker** and Rule 341(a). Conversely, if we create exceptions to Rule 341 and **Walker** to avoid a harsh result, we will return to a scenario that the amendment to the Official Note and **Walker** sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

Consistent with the foregoing, we are constrained to quash the appeal.

Appeal quashed.

Judge Lazarus joins the Opinion.

Judge Strassburger files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/14/2019

- 6 -