2019 PA Super 241

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR., | : | |
| | : | |
| Appellant | : | No. 2066 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001064-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR., | : | |
| | : | |
| Appellant | : | No. 2067 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004360-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR., | : | |
| | : | |
| Appellant | : | No. 2068 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of York County

J-S41017-19

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE EDWIN CREESE, SR., | : | |
| | : | |
| Appellant | : | No. 2069 MDA 2018 |

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004379-2013

BEFORE: LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

DISSENTING OPINION BY STRASSBURGER, J.:     **FILED AUGUST 14, 2019**

Because Appellant has complied with Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), I would not quash his appeals. Accordingly, I respectfully dissent.

I am persuaded by the following three decisions of this Court,[1] which all involve the same factual scenario as the instant matter, and none of which has quashed the appeals under **Walker**.

In **Commonwealth v. Williams**, ___ A.3d ___, 2019 WL 3384926 (Pa. Super. July 26, 2019) (non-precedential decision), this Court

---

* Retired Senior Judge appointed to the Superior Court.

[1] Unpublished non-precedential memorandum decisions of the Superior Court filed after May 1 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

- 2 -

held that Williams complied with **Walker** where he filed three copies of the notice of appeal for each of the three docket numbers. In so holding, this Court explained as follows.

> This Court issued a Rule to Show Cause directing Williams to explain why his appeal should not be quashed in light of Pa.R.A.P. 341 and [] **Walker** [] (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). Williams responded, explaining that although he styled the notice of appeal as a single document referencing the three docket numbers he sought to appeal, he filed a separate copy of the notice of appeal upon each of the trial court dockets. Our review of the record reflects that Williams filed a separate copy of the notice of appeal upon each trial court docket. As Williams effectively filed three notices of appeal rather than one, we are satisfied that he has complied with Rule 341 and **Walker**.

**Williams**, **supra** (non-precedential decision at 2 n.3).

Similarly, in **Commonwealth v. Anderson**, ___ A.3d ___, 2019 WL 3064860 (Pa. Super. July 12, 2019) (non-precedential decision), this Court concluded that Anderson technically complied with the requirements of Pa.R.A.P. 341's Note by filing three notices of appeal, each containing all three lower court docket numbers, explaining as follows.

> On July 2[, 2018], Anderson filed a notice of appeal at each docket bearing all three trial court docket numbers. On July 30, 2018, this Court issued a rule directing Anderson to show cause why her appeal should not be quashed in light of our Supreme Court's decision in [] **Walker** [] (holding Pa.R.A.P 341's *Note* requires the filing of separate notice[s] of appeal for separate docket numbers; the failure to file separate notices requires quashal of the appeal). [Anderson] filed a response indicating that her case was distinguishable from **Walker**. We agree. While the inclusion of the three docket numbers on each notice of appeal confuses the issue, Anderson technically complied with the dictates of Pa.R.A.P. 341's *Note* by filing a notice of appeal at each docket court

number. Accordingly, we conclude that **Walker** is inapplicable here.

**Anderson**, **supra** (non-precedential decision at 3 n.1).

Likewise, in **Commonwealth v. Dealbertis**, \_\_\_ A.3d \_\_\_, 2019 WL 2308047 (Pa. Super. May 29, 2019) (non-precedential decision), this Court determined that quashal was not required under **Walker** because Dealbertis filed two separate notices of appeal, each containing both trial court docket numbers, with two different time stamps.

> [T]he record reflects that [Dealbertis] filed two separate notices of appeal, each containing both trial court docket numbers. Indeed, the trial court's docket sheets for both docket numbers reflect that [Dealbertis] filed a notice of appeal. As noted by [Dealbertis] in his response to our order to show cause, the notices of appeal also contain two different time stamps. (**See** [Dealbertis's] answer to rule to show cause, 8/1/18 at 2, ¶¶ 3-4.) Based on our review of the record, we find that [Dealbertis] has complied with **Walker**'s mandate that separate notices of appeal be filed in cases where a single order resolves issues on more than one lower court docket. Now that we have determined that quashal is not required under **Walker**, we turn to the merits of appellant's appeal.

**Dealbertis**, **supra** (non-precedential decision at 5) (footnote omitted).

In the instant case, as in the cases noted *supra*, Appellant complied with Pa.R.A.P. 341 and **Walker**. Our review of the record shows that Appellant filed a separate notice of appeal at each of the four trial court dockets which bore all four trial court docket numbers. Each notice of appeal contains a highlighter marking a different trial court docket number, and the notices contain different time stamps in different locations on the paper. The trial court's docket sheets for all four docket numbers reflect that Appellant filed a

notice of appeal at each docket. Accordingly, four appellate docket numbers were assigned in this Court, 2066, 2067, 2068, and 2069 MDA 2018, and were subsequently consolidated by this Court *sua sponte*. Nothing in **Walker** requires a notice of appeal to contain only one docket number. Rather, **Walker**'s mandate is that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." 185 A.3d at 971. As Appellant filed four notices of appeal rather than one, he complied with Pa.R.A.P. 341 and **Walker**. Accordingly, I would proceed to the merits of Appellant's appeals.[2]

---

[2] I recognize that counsel for Appellant has filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because the Majority Opinion quashes the appeals, it should also deny counsel's petition to withdraw as moot. However, because I would not quash the appeals and would reach the merits, I offer no opinion as to the disposition of counsel's petition.

- 5 -