J-S84010-18

2019 PA Super 81

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH WILLIAMS, | |
| Appellant | No. 1797 EDA 2018 |

Appeal from the PCRA Order Entered May 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0001587-2010
CP-51-CR-0003262-2010
CP-51-CR-0003265-2010
CP-51-CR-0007274-2010

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

OPINION BY BENDER, P.J.E.:                    **FILED MARCH 20, 2019**

Appellant, Kenneth Williams, appeals *pro se* from the post-conviction court's May 11, 2018 order that denied, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we are constrained to quash this appeal.

The PCRA court summarized the procedural history of Appellant's case, as follows:

> On January 27, 2012, following a jury trial before this [c]ourt, [Appellant] … was convicted[, in four separate cases,] of six counts of robbery (18 Pa.C.S. § 3701(a)(1)(i)), six counts of criminal conspiracy (18 Pa.C.S. § 903(a)), and four counts of possessing an instrument of crime[] ("PIC") (18 Pa.C.S. §907(a)). The [c]ourt deferred sentencing so that a pre-sentence report and

mental health evaluation could be prepared. On June 15, 2012, the [c]ourt denied [Appellant's] untimely[-]filed *pro se* motion for reconsideration. On that date, the [c]ourt imposed concurrent sentences of fifteen to thirty years' incarceration on the charge of robbery, fifteen to thirty years[' incarceration] on the charge of criminal conspiracy, and no further penalty was ordered on the PIC charge. On June 21, 2012, the Commonwealth filed a Motion to Reconsider/Modify Sentence.

On September 10, 2012, upon reconsideration, the [c]ourt vacated the June 15[, 2012] sentence and imposed concurrent sentences of ten to twenty years[' incarceration] on the charges of robbery and criminal conspiracy, and two and a half to five years' incarceration on the PIC charge to run consecutive to the charges of robbery and criminal conspiracy.

On October 2, 2012, [Appellant] filed an appeal with the Superior Court of Pennsylvania. On January 28, 2013, the Superior Court of Pennsylvania dismissed [Appellant's] appeal for failure to comply with Pa.R.A.P. []3517. On May 7, 2013, [Appellant] filed a *pro se* [PCRA] … Petition. On May 2, 2014, Attorney Mitchell Strutin filed an amended PCRA petition on behalf of [Appellant]. On July 18, 2014, upon consideration of [Appellant's] amended PCRA petition, this [c]ourt reinstated [Appellant's] appellate rights *nunc pro tunc* to the Superior Court of Pennsylvania with no objection from the Commonwealth. On August 10, 2014, [Appellant] filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On October 14, 2015[,] the Superior Court of Pennsylvania affirmed [Appellant's] conviction. [**Commonwealth v. Williams**, 2140 EDA 2014, unpublished memorandum (Pa. Super. filed Oct. 4, 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016).]

On August 4, 2017, [Appellant] filed a second *pro se* Petition for Post-Conviction Relief. The [c]ourt appointed Attorney Mark Franklin as PCRA counsel who filed a [**Turner/**]**Finley**[1] [no-merit] letter [and a petition to withdraw] on March 1, 2018. The [c]ourt denied [Appellant's] PCRA and permitted Mr. Franklin to

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

withdraw on May 11, 2018. [Appellant] was notified via certified mail.

On June 5, 2018, [Appellant] appealed the [c]ourt's decision to deny his PCRA.

PCRA Court Opinion, 7/18/18, at 1-2.

Before we can delve into the merits of Appellant's appeal, we must address the fact that he filed a single notice of appeal for an order that resolved issues relating to four different docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)…." *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In *Walker*, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Walker*, 185 A.3d at 976-77. Therefore, the *Walker* Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977. However, the Court tempered its holding by making it prospective

- 3 -

only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Accordingly, the *Walker* Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* (emphasis added).

The *Walker* opinion was filed on June 1, 2018. Here, Appellant's *pro se* notice of appeal containing multiple docket numbers was hand-dated June 4, 2018, and the envelope in which it was mailed bears a postmark of June 5, 2018. The Philadelphia County Clerk of Courts time-stamped the notice of appeal on June 5, 2018.[2] In light of this record, we are compelled to conclude that Appellant's non-compliant notice of appeal was filed after the *Walker* decision. Therefore, we must quash this appeal in accordance with Rule 341 and *Walker*.

---

[2] On July 27, 2018, this Court issued a *per curiam* order directing Appellant to show cause why his appeal should not be quashed pursuant to *Walker*. Appellant filed a response, baldly claiming that he mailed his notice of appeal on May 29, 2018, and, thus, pursuant to the prisoner-mailbox rule, we must deem his notice as having been filed before *Walker*. *See* Motion to Show Cause in the Quashal of Notice of Appeal, 8/6/18, at 1-2 (unnumbered) (citing *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (holding that a *pro se* prisoner's notice of appeal shall be deemed filed on the date it is placed in a prison mailbox or deposited with prison authorities for mailing)). However, nothing in the record supports Appellant's claim that he mailed his notice of appeal on May 29, 2018. To the contrary, the record indicates that he mailed the notice on June 4, 2018, at the earliest.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19