J-S12009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE G. SPEROW | : | |
| | : | |
| Appellant | : | No. 1751 MDA 2018 |

Appeal from the Order Entered October 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001974-2014, CP-06-CR-0002256-2016,
CP-06-CR-0005775-2015

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JULY 01, 2019**

Appellant filed a single *pro se* notice of appeal from the denial of his *pro se* "Motion to Correct RRRI Eligibility and Earned Time Credit" in three separate criminal cases.[1,2]  We quash the appeal.

---

[1] "RRRI" references the Recidivism Risk Reduction Incentive Act, which allows for the possibility of early parole for eligible offenders.  ***See*** 61 Pa.C.S. § 4503 (providing that "eligible offender" does not include those with prior convictions for personal injury crimes, except for simple assault as a **third**-degree misdemeanor); 18 P.S. § 11.103 (defining "personal injury crime" to include simple assault, generally).  The docket reflects that Appellant's conviction in the 2014 case captioned above was for **second**-degree-misdemeanor simple assault.

[2] In each case, the RRRI motion (1) was not his first request for relief cognizable under the PCRA, ***see Commonwealth v. Quiles***, 166 A.3d 387, 392 (Pa.Super. 2017) (noting RRRI eligibility implicates legality of sentence); and (2) was filed more than a year after his judgment of sentence became final.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that appellants are required to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket, regardless of whether a single hearing or order addressed the issues at all implicated dockets. **Id**. at 977. "The failure to do so will result in quashal of the appeal." **Id**.

**Walker** was decided on June 1, 2018. Appellant filed the single notice of appeal which implicates criminal cases at three different docket numbers on October 23, 2018. As such, we are compelled to quash this appeal. **See**, **e.g.**, **Commonwealth v. Williams**, 206 A.3d 573, 576 (Pa.Super. 2019) (quashing appeal instituted by a single notice of appeal from the denial of a PCRA petition implicating cases at four different docket numbers).

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/2019