J-A11001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | |
| | : | |
| Appellant | : | No. 1265 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 6, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004278-2016,
CP-67-CR-0004279-2016, CP-67-CR-0004280-2016

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JULY 18, 2019**

Ian Christopher Anderson appeals from the judgment of sentence of eleven and a half to twenty three years of incarceration, imposed after he was convicted by a non-jury trial of multiple firearms, drugs, and sexual offenses at three different docket numbers.  Based upon our Supreme Court's decision in **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018), we quash the appeal.

Before we can delve into the merits of Appellant's appeal, we must first address the fact that Appellant filed a single notice of appeal for an order that resolved issues relating to three different docket numbers.  In **_Walker_**, **_supra_**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that appellants are required to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket, regardless

of whether a single hearing or order addressed the issues at all implicated dockets. *Id*. at 977. *Walker* constituted a "bright-line mandatory instruction to practitioners" that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Id*. at 971, 976-77. Accordingly, "the failure to [comply with Walker's mandate] requires the appellate court to quash the appeal." *Id*. at 976-77.

*Walker* was decided on June 1, 2018. Appellant filed a single notice of appeal which implicates criminal cases at three different docket numbers on July 30, 2018. On September 10, 2018, this Court issued a rule to show cause as to why the appeal should not be quashed pursuant to *Walker*. In response, Appellant conceded that in an effort to be efficient, he included all three dockets in a single notice of appeal, since the "the same issues govern." *See* Answer to Motion to Show Cause, 9/11/18, at 1. Appellant acknowledged that the procedure he followed ran "afoul" of *Walker*. *Id*.

Since Appellant concedes his failure to comply with *Walker*, we are compelled to quash this appeal. *See*, *e.g.*, *Commonwealth v. Nichols*, ___ A.3d ___, 2019 WL 1783645 (Pa.Super. April 24, 2019) (quashing an appeal concerning issues relating to three different docket numbers, despite Appellant's argument that the issues raised are identical, there is no prejudice to the Commonwealth, the Commonwealth has not objected, and quashal would entirely deny appellate review); *Commonwealth v. Williams*, 206 A.3d 573, 576 (Pa.Super. 2019) (quashing appeal instituted by a single notice

of appeal from the denial of a PCRA petition implicating cases at four different docket numbers).

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/18/2019