J. S33043/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEVIN DALE FLOYD, | : | No. 87 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered December 20, 2018,
in the Court of Common Pleas of Luzerne County
Criminal Division at Nos. CP-40-CR-0003956-2003,
CP-40-CR-0003957-2003, CP-40-CR-0003958-2003,
CP-40-CR-0003959-2003, CP-40-CR-0003960-2003

BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 12, 2019**

Kevin Dale Floyd appeals from the December 20, 2018 order entered by the Luzerne County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we quash appellant's appeal.

On September 15, 2003, November 21, 2003, and December 2, 2003, the Commonwealth charged appellant with numerous offenses relating to child abuse across five separate trial court dockets.  On May 3, 2004, appellant entered guilty pleas in all five dockets for the following charges:  two counts each of indecent assault of person less than 13 years of age and possession of child pornography; four counts of involuntary deviate sexual intercourse

(forcible compulsion); and one count of aggravated indecent assault.[1] The trial court sentenced appellant to an aggregate term of 13 to 30 years' imprisonment, to be followed by 24 years' probation. The trial court also found appellant to be a sexually violent predator pursuant to Megan's Law II, 42 Pa.C.S.A. § 9791 *et seq.* (repealed). This court affirmed appellant's judgment of sentence. ***Commonwealth v. Floyd***, No. 1319 MDA 2004, unpublished memorandum (Pa.Super. filed April 25, 2005). Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On April 25, 2018, appellant filed a ***pro se*** PCRA petition. The PCRA court subsequently appointed counsel, Jeffrey Yelen, Esq., to represent appellant. Attorney Yelen filed a brief in support of appellant's petition on May 30, 2018. On September 27, 2018, the PCRA court filed a notice of intention to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed appellant's PCRA petition on December 20, 2018.

Appellant filed a timely notice of appeal on January 7, 2019. The PCRA court granted appellant's motion for the appointment of appellate counsel and appointed Matthew P. Kelly, Esq., to represent appellant. On January 29, 2019, we issued an order directing appellant to show cause why his appeal should not be quashed pursuant to our supreme court's holding in

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 6312(d), 3123(a)(1), and 3125(a)(1), respectively.

*Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response, and this court discharged the rule to show cause, referring the issue to the merits panel. Attorney Kelly subsequently filed an application to withdraw as counsel on April 22, 2019.

Before we address appellant's issues on appeal, we must first address whether appellant filed a notice of appeal in compliance with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and *Walker*. The official note to Rule 341 of the Rules of Appellate Procedure provides as follows:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

> [In *Walker*,] our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." [*Walker*, 185 A.3d at 971] (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." *Walker*, at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that

the requirement would apply only to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

*Commonwealth v. Nichols*, ___ A.3d ___, 2019 WL 1783645, at *2 (Pa.Super. April 24, 2019); *see also Commonwealth v. Williams*, 206 A.3d 573, 575-576 (Pa.Super. 2019).

Here, Attorney Kelly filed a notice of appeal on appellant's behalf on January 7, 2019—well after *Walker* was announced. As noted above, appellant was required to file a separate notice of appeal for each trial court docket number. Appellant filed only one notice of appeal, averring that *Walker* was not applicable because the case "originates from one criminal defendant in one single matter." (Appellant's response to rule to show cause, 2/5/19.) This claim is belied by our case law, as *Walker* and its progeny make no such exception. *See Nichols*, 2019 WL 1783645 at *2; *Williams*, 206 A.3d at 575-576. We therefore quash appellant's appeal. Attorney Kelly's application to withdraw is denied, as it is now moot.

Appeal quashed. Application to withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2019

- 4 -