J-A19030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
                                          :

          v.                               :
                                          :
                                          :

BERNARD THOMAS,                 :
                                          :
          Appellant.          :     No. 1992 EDA 2018

Appeal from the PCRA Order Entered, June 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0011548-2013,
CP-51-CR-0011552-2013.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:        **FILED SEPTEMBER 09, 2019**

Bernard Thomas appeals from the order that denied his first petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. We quash the appeal.

Thomas entered guilty pleas at two separate dockets. The PCRA court summarized the pertinent facts and procedural history as follows:

> On July 7, 2015, [Thomas] appeared before this Court and entered a negotiated plea. On transcript CP-51-CR-0011548-2013, [Thomas] entered a guilty plea to the charge of Possession of Firearm by a Prohibited Person and, on transcript CP-51-CR-0011552-2013, he entered guilty pleas to charges of Attempted Murder, Possession of Firearm by Prohibited Person, and Conspiracy to Commit Murder. In exchange for his plea, the Commonwealth and [Thomas] negotiated a sentence of incarceration of twelve to thirty years. Immediately following this Court's acceptance of [Thomas'] guilty pleas, it imposed the agreed upon sentences of twelve to thirty years' incarceration on

_____

*   Former Justice specially assigned to the Superior Court.

the Attempted Murder and Conspiracy to Commit Murder charges set forth in CP-51-CR-0011552-2013, and a concurrent sentence of five to ten years' incarceration on the Possession of Firearm by a Prohibited Person charge under CP-51-CR-0011548-2013. [Thomas] did not file post-sentence motions or a direct appeal after he was sentenced.

On January 5, 2016, [Thomas] filed a timely *pro se* PCRA petition. Counsel was appointed to represent him and on August 23, 2017, counsel filed an amended petition asserting, *inter alia*, that trial counsel provided him with ineffective assistance of counsel by permitting him to enter a guilty plea that culminated in [Thomas] agreeing to an illegal sentence given that the plea deal required [Thomas] to be sentenced on two inchoate crimes in violation of the law. On June 25, 2018, this Court heard argument and granted in part, and denied in part, PCRA relief. Specifically, this Court granted the Commonwealth's motion to *nol pros* the conspiracy charge because the sentence imposed thereon was illegal but denied relief on [Thomas'] request that he be permitted to file a post-sentence motion to withdraw his guilty plea, and if it was denied, a direct appeal.

PCRA Court Opinion, 11/26/18, at 1-2 (citations omitted). This timely appeal followed. Both Thomas and the PCRA court have complied with Pa.R.A.P. 1925.

Thomas raises the following issues:

a. Counsel was ineffective for failing to perfect an appeal and [Thomas'] post sentence and direct appeal rights [should] be reinstated.

b. The [PCRA court] erred and abused [its] discretion when [it] denied [Thomas'] [PCRA] petition affording him the opportunity to [withdraw] his guilty plea. In that [Thomas] at the time he entered his guilty plea, could not have knowingly, intelligently and voluntarily entered into a guilty plea that clearly had him agreeing to an illegal sentence of incarceration for two inchoate crimes.

- 2 -

> [Thomas] therefore, could not have reasonably, knowingly and intelligently have understood the terms of the sentence, as they were illegal on their face, and not enforceable at law, and therefore manifest injustice occurred.

Thomas' Brief at 5-6 (excess capitalization omitted).

Before addressing the merits of these issues, we must first address the fact that Thomas filed a single notice of appeal on which he identifies two separate docket numbers. In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal when one notice of appeal was filed for orders entered at more than one docket number. The Official Note accompanying Pa.R.A.P. 341(a) provides that "[w]here . . . one or more orders resolves issues arising on more than one docket . . . separate notices of appeal must be filed." In ***Walker***, our Supreme Court concluded that the "Official Note to Rule 341 provides a bright-line mandatory instruction for practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Thus, the Court held that for appeals filed after June 1, 2018, the date the ***Walker*** decision was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." ***Id.*** at 977. Our Supreme Court emphasized that the "failure to do so will result in quashal of the appeal." ***Id.***

Here, on July 16, 2018, Thomas filed a single notice of appeal from the order denying post-conviction relief at two separate docket numbers.[1] Because Thomas filed his notice of appeal after our Supreme Court's decision in **Walker**, we are constrained to quash this appeal. **See Commonwealth v. Williams**, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing *pro se* PCRA petitioner's single appeal, "in accordance with Rule 341 and **Walker**," because it was filed on June 5, 2018, and listed multiple docket numbers).[2]

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19

_____

[1] On March 5, 2019, this Court issued a rule to show cause why this appeal should not be quashed based on **Walker**. Thomas' counsel did not file a response.

[2] Were we to reach the merits of Thomas' claims, we would affirm the PCRA court's denial of post-conviction relief. Thomas waived his first issue because he failed to raise it in his Rule 1925(b) statement. **See Commonwealth v. Smith**, 146 A.3d 257, 262 (Pa. Super. 2016). As to his second claim, given the PCRA court's partial grant of his PCRA petition, Thomas cannot establish prejudice. **See Commonwealth v. Kelly**, 78 A.3d 1136, 1138 n.1 (Pa. Super. 2013) (holding that although sentences for attempted murder and conspiracy to commit murder should have merged, case need not be remanded for resentencing since sentence that this Court vacated was imposed concurrently).