J-A23039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                                  :

            v.                                  : 

ROBERT E. LUPTAK, JR.,            :

                   Appellant        :         No. 402 WDA 2019

Appeal from the Judgment of Sentence Entered February 28, 2019
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000512-2015,
CP-37-CR-0000902-2015, CP-37-CR-0001073-2014,
CP-37-CR-0001075-2014

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:      **FILED SEPTEMBER 13, 2019**

Robert E. Luptak, Jr. ("Luptak"), appeals from the judgments of sentence entered at four docket numbers, following his convictions of multiple counts of possession of controlled substances, possession with intent to deliver controlled substances, and theft by receiving stolen property.[1] We quash the appeal.

In April 2017, a jury convicted Luptak of multiple counts of the above-described charges. Thereafter, the trial court sentenced Luptak to an aggregate prison term of 11½ to 23 years, with a credit for 212 days of time served, and the Recidivism Risk Reduction Incentive minimum sentence being

---

[1] **See** 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 3925(a).

9 years and 7 months. Luptak filed post-sentence Motions, which the trial court denied. No appeal followed.

Subsequently, Luptak timely filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] The PCRA court granted Luptak's Petition, and reinstated his direct appeal rights, *nunc pro tunc*. Thereafter, Luptak filed a *single* Notice of Appeal of his judgments of sentence entered at the four separate docket numbers, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. filed June 1, 2018), the Supreme Court of Pennsylvania held that, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Id.** at 971; **see also id.** at 977 (applying the Supreme Court's holding prospectively).

Because Luptak filed his appeal after the Supreme Court had decided **Walker**, this Court issued a Rule to Show Cause why the appeal should not be quashed pursuant to **Walker**. In response, Luptak filed a Petition for Remand, to allow him to file additional notices of appeal. By an Order entered on April 16, 2019, this Court deferred the Petition, for consideration by the merits panel. Order, 4/16/19.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

On June 24, 2019, Luptak filed a Stipulation whereby the Commonwealth and Luptak stipulated to the consolidation of the appeals under a single docket number. Stipulation, 6/24/19. However, as there is only one appeal pending before this Court, there is nothing to consolidate. Further, this Stipulation is not sufficient to negate the bright-line, mandatory rule imposed by *Walker*.

It is undisputed that Luptak filed a *single* Notice of Appeal from the sentences entered at multiple docket numbers. Because Luptak filed his Notice of Appeal after our Supreme Court's decision in *Walker*, we are required to quash the appeal, without prejudice to Lowry's right to seek relief under the Post Conviction Relief Act ("PCRA").[3] ***See Commonwealth v. Williams***, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing a non-compliant notice of appeal filed after *Walker*).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

---

[3] 42 Pa.C.S.A. §§ 9541-9546.