J-A23037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL LEE LOWRY, III, | : | |
| | : | |
| Appellant | : | No. 456 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 31, 2018
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000248-2013,
CP-37-CR-0000401-2012, CP-37-CR-0000831-2014,
CP-37-CR-0000834-2014, CP-37-CR-0001146-2014

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED SEPTEMBER 13, 2019**

Samuel Lee Lowry, III ("Lowry"), appeals from the judgment of sentence entered at multiple docket numbers, following his convictions of rape of an unconscious person, indecent assault of an unconscious person and sexual assault.[1]  We quash the appeal.

Following a jury trial, Lowry was convicted of the above-described charges, at separate docket numbers.  For his conviction of rape of an unconscious person, the trial court sentenced Lowry to 8½ to 20 years in prison.  The remaining convictions merged at sentencing.  Lowry timely filed post-sentence Motions, which the trial court denied.  Thereafter, Lowry filed a *single* Notice of Appeal.

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(3), 3126(a)(4), 3124.1

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. filed June 1, 2018), the Supreme Court of Pennsylvania held that, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Id.*** at 971; ***see also id.*** at 977 (applying the Supreme Court's holding prospectively).

Because Lowry filed his appeal after the Supreme Court had decided ***Walker***, this Court issued a Rule to Show Cause why the appeal should not be quashed pursuant to ***Walker***. In response, Lowry filed a Petition for Remand, to allow Lowry to file additional Notices of Appeal. By an Order entered on April 16, 2019, this Court denied the Petition without prejudice to Lowry presenting any timely filings to the trial court. Order, 4/16/19.

On May 30, 2019, Lowry filed a Stipulation whereby the Commonwealth and Lowry stipulated to the consolidation of the appeals under a single docket number. Stipulation, 5/30/19. However, as there is only one appeal pending before this Court, there is nothing to consolidate. Further, this Stipulation is not sufficient to negate the bright-line, mandatory rule imposed by ***Walker***. It is undisputed that Lowry filed a single Notice of Appeal from the judgment of sentence filed at multiple docket numbers. Because Lowry filed his Notice of Appeal after our Supreme Court's decision in ***Walker***, we quash the appeal, without prejudice to Lowry's right to seek relief under the Post Conviction

Relief Act ("PCRA").[2] *See Commonwealth v. Williams*, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing a non-compliant notice of appeal filed after *Walker*).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

---

[2] 42 Pa.C.S.A. §§ 9541-9546.