J-S46025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT ALLEN SMALL | : | |
| | : | |
| Appellant | : | No. 3236 EDA 2018 |

Appeal from the PCRA Order Entered October 11, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000010-2014,
CP-52-CR-0000382-2002

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 27, 2019**

Scott Allen Small, appeals from the order entered on October 11, 2018,

dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546.   Upon review, we are constrained to quash this

appeal.

The PCRA court briefly summarized the relevant facts and procedural

history of this case as follows:

> On or about November 19, 2012, [Appellant] was charged with
> various crimes alleging inappropriate contact with a minor,
> docketed to Criminal Information No. 382-2002.  On October 23,
> 2003, [Appellant] pled guilty to [] unlawful contact with a minor
> and [] statutory sexual assault.  On March 26, 2004, [Appellant]
> was sentenced to serve twenty-four (24) to fifty-nine (59) months
> of incarceration and five (5) years of probation.  On January 30,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2007, [Appellant] was released from incarceration, subject to his compliance with 42 Pa.C.S.A. § 9795.4 ("Megan's Law [II]").

On or about October 28, 2013, [Appellant] was charged with violating the reporting requirements of Megan's Law [II] and [] a petition for violation of probation was [] filed against [him at Criminal Information No. 10-2014] on or about October 28, 2013. On July 14, 2016, [Appellant] entered a plea of guilty in Criminal Information No. 10-2014 [for failure to comply with registration requirements pursuant to 18 Pa.C.S.A. § 4915.1(a)(2)]. One (1) week later, [Appellant] was sentenced to serve forty (40) months to seven (7) years of incarceration. Concomitantly, [Appellant] was found to be in violation of the terms of his probation and re-sentenced on Criminal Information No. 382-2002 to serve two (2) to five (5) years of incarceration concurrent to the sentence received in Criminal Information No. 10-2014.

On September 18, 2017, [Appellant] filed a *pro se* petition pursuant to the PCRA, alleging violations of both the United States and Pennsylvania Constitutions resulting from his being retroactively sentenced subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA"). On February 2, 2018, Attorney James Baron, Esq. was appointed to represent [Appellant]. On May 10, 2018, after requesting and receiving an extension of time to do so, Attorney Baron filed an amended [PCRA] petition on behalf of [Appellant]. An evidentiary hearing was held on July 23, 2018[. The PCRA court denied relief on both docket numbers, Criminal Information Nos. 382-2002 and 10-2014, by a single order and opinion entered on October 11, 2018.]

PCRA Court Opinion, 10/11/2018, at 1-2 (parentheticals, superfluous capitalization, and footnotes omitted).

On November 6, 2018, Appellant filed a timely notice of appeal listing both docket numbers, Criminal Information Nos. 382-2002 and 10-2014. The original copy of the notice of appeal was filed, time-stamped, and docketed at Criminal Information No. 382-2002. A photocopy of the same notice of appeal was filed, time-stamped, and docketed at Criminal Information No. 10-2014.

On May 1, 2019, this Court issued a rule to show cause why the appeal should not be quashed based upon our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases" pursuant to Pa.R.A.P. 341 and its note). On May 8, 2019, Appellant filed a response. Appellant claimed that despite filing an original and photocopy of his notice of appeal listing both docket numbers, "the PCRA court has treated this action as though the matters have been consolidated[.]" Response to Rule to Show Cause, 5/8/2019, at ¶¶ 4 and 9. Moreover, Appellant contends that unlike the factual scenario presented in ***Walker***, "the instant notice of appeal arose out of an [o]rder denying one (1) PCRA [petition], relating to one (1) issue and one (1) [d]efendant." ***Id.*** at ¶ 6. Appellant argues that the current appeal period has expired, quashal will prejudice him, and, if the appeal is quashed, he will file another PCRA petition challenging the decision. ***Id.*** at ¶¶ 7-8. By order filed on May 10, 2019, this Court referred the matter to the panel assigned to decide the merits of this appeal.

We have recently stated:

The Official Note to Rule 341(a) of the Pennsylvania Rules of Appellate Procedure, which was amended in 2013, provides:

Where [] one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order

on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, it was common for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. ***See***, ***e.g.***, ***In the Interest of P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In ***Commonwealth v. Walker***, however, our Supreme Court held unequivocally that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." ***Walker***, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." ***Id.*** at 976-977 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that it would apply only to appeals filed after June 1, 2018, the date ***Walker*** was filed. ***Id.***

Recently, this Court stated:

> In ***Walker***, our Supreme Court construed the [Rule 341] language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977.... Accordingly, the ***Walker*** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

***Commonwealth v. Williams***, 206 A.3d 573, 575–576 (Pa. Super. 2019) (emphasis in original).

*Commonwealth v. Creese*, 2019 WL 3812232, at *1–2 (Pa. Super. filed August 14, 2019).

As such, the *Creese* Court ultimately determined:

[W]e may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number. We recognize the severity of this application. However, if we consistently apply *Walker* by quashing any notice of appeal filed after June 1, 2018 that contains more than one docket number, consistent with *Walker*, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy *Walker* and Rule 341(a). Conversely, if we create exceptions to Rule 341 and *Walker* to avoid a harsh result, we will return to a scenario that the amendment to the Official Note and *Walker* sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

*Id.* at *2.

Here, we are constrained to apply *Walker* and *Creese* because, on November 6, 2018, Appellant filed a single notice of appeal from an order entered on two docket numbers, after our Supreme Court's June 1, 2018 *Walker* decision. Upon review of the certified record, Appellant filed two identical notices of appeal listing both docket numbers. More specifically, as previously mentioned, an original copy of the notice of appeal was filed at Criminal Information No. 382-2002 and a photocopy of the same notice of appeal was filed at Criminal Information No. 10-2014. As we have previously determined, however, separate notices of appeal, containing only one docket number on each notice, are required. *See Creese*, 2019 WL 3812232, at *2

n.1 (improper to file one notice of appeal listing all docket numbers when the notice "was simply photocopied and placed in each record, conceivably by the clerk of courts; [i]t is impossible to be sure whether that occurred, or whether counsel himself filed [the] copies of the notice of appeal.")  Accordingly, we conclude that Appellant failed to file proper notices of appeal as mandated by the bright-line rule established under **Walker**.[1]  Hence, we are constrained to quash this appeal.

Appeal quashed.

_____

[1]  Finally, we recognize that this Court recently distinguished **Walker** in **Commonwealth v. Stansbury**, 2019 WL 4197218 (Pa. Super. filed September 5, 2019).  In that case, a jury convicted Stansbury, at two docket numbers, of various crimes related to an incident involving two separate victims.   Stansbury later filed a *pro se* PCRA petition. The PCRA court appointed counsel.  The PCRA court issued notice that it was dismissing Stansbury's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and permitting appointed counsel to withdraw. Stansbury filed a *pro se* response. The PCRA court subsequently entered an order (listing both docket numbers) that dismissed Stansbury's PCRA petition, permitted counsel to withdraw, and advised Stansbury of his right to appeal *pro se* pursuant to Pa.R.Crim.P. 907(4).  However, the order directed Stansbury to file "**a**" written notice of appeal.  When Stansbury filed a single notice of appeal listing both docket numbers, a panel of this Court declined to quash the appeal because the defect resulted from Stansbury acting *pro se* in accordance with misinformation relayed to him by the trial court.  **See Stansbury**, 2019 WL 4197218 at *2. As such, we determined that quashal was not warranted as Stansbury's error resulted from a breakdown in court operations. **Id.** Here, unlike in **Stansbury**, the trial court held an evidentiary hearing on Appellant's PCRA claims and when it entered the order dismissing Appellant's PCRA petition, it did not advise (or misinform) him of his appellate rights.  Thus, **Stansbury** is inapplicable to the case *sub judice*.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/19