J-S45003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ODELL JOHNSON, | |
| Appellant | No. 2823 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0009190-2010
CP-51-CR-0009191-2010

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 17, 2019**

Appellant, Odell Johnson, appeals from the post-conviction court's September 21, 2018 order dismissing his first, timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we are constrained to quash.

The facts of Appellant's underlying case are not necessary to our disposition of his appeal.  The PCRA court summarized the procedural history of this case, as follows:

> On March 15, 2013, following a jury trial before this [c]ourt, [Appellant] was convicted[, in two separate, but consolidated cases,] of one count of first-degree murder (18 Pa.C.S. § 2502(a)), one count of third-degree murder (18 Pa.C.S. §

---

[*] Retired Senior Judge assigned to the Superior Court.

2502(c)), one count of carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)), one count of carrying a firearm on a public street or public property in Philadelphia (18 Pa.C.S. § 6108), and one count of possessing an instrument of crime ("PIC") (18 Pa.C.S. § 907(a)). The [c]ourt immediately imposed the mandatory sentence of life in prison for the first-degree murder charge (18 Pa.C.S. § 1102(a)(1)) and the mandatory sentence of life in prison for the third-degree murder charge (42 Pa.C.S. § 9715(a)), to run consecutive to one another.[2] The sentences on all remaining charges were to run concurrent to the murder sentences. [Appellant] was represented at trial, sentencing, and on appeal by Michael E. Wallace, Esquire. On May 23, 2014, the Superior Court affirmed the judgment of sentence, and on November 18, 2014, the Supreme Court denied allocatur.

> [2] Section 9715(a) provides for a mandatory sentence of life imprisonment for any person convicted of third-degree murder who had previously been convicted at any time of murder or manslaughter at the time of sentencing. ***See Commonwealth v. Morris***, 958 A.2d 569, 581-82 (Pa. Super. 2008), *appeal denied*, 991 A.2d 311 (Pa. 2010).

On August 4, 2015, [Appellant] filed a *pro se* petition under the … []PCRA[]. Stephen T. O'Hanlon, Esquire was appointed to represent [Appellant] on November 23, 2016. On May 31, 2017, Mr. O'Hanlon submitted an Amended Petition, claiming that trial counsel, Mr. Wallace, was ineffective for failing to call Shomari Betancourt as a witness. On May 25, 2018 and May 31, 2018, the [c]ourt held a bifurcated evidentiary hearing on the issue. In addition, at the May 31, 2018 hearing, the [c]ourt allowed [Appellant] to present evidence for an additional claim, that is, trial counsel's failure to call Carla Hayes Dantzler as a witness, as she had only come forward in the days following the first hearing. N.T. 5/31/18 at 4. On September 21, 2018, after issuing its findings of fact and conclusions of law, the [c]ourt entered an order dismissing [Appellant]'s PCRA petition.

PCRA Court Opinion (PCO), 11/19/18, at 1-2 (one footnote omitted).

On September 21, 2018, Appellant filed a timely notice of appeal listing the two docket numbers of his underlying cases. That notice of appeal was apparently photocopied and filed in both cases. The PCRA court ordered

Appellant to file a Pa.R.A.P. 1925(b) statement, and he timely complied. The court filed its Rule 1925(a) opinion on November 19, 2018. Herein, Appellant states one issue for our review:

> 1. Did the PCRA court err in dismissing Appellant's PCRA Petition because trial counsel was ineffective for failing to call an available witness at trial, because this witness was credible and would have allowed Appellant to present compelling self-defense and voluntary manslaughter defenses at trial and would have shown that Appellant faced serious provocation and was not the primary initiator of provocation?

Appellant's Brief at 4.

Before we may review this issue, we must address whether Appellant's notice of appeal listing two docket numbers requires us to quash under *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding that, for any appeal filed after June 1, 2018, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). In response to a rule to show cause order issued by this Court on January 3, 2019, Appellant's counsel argued, in pertinent part, that "[q]uashing the present appeal would lea[d] to extensive further litigation potentially including a Petition for Allocatur, a further PCRA Petition, or even future federal filings." Response, 2/24/19, at 2. Appellant's counsel asked "that the filed appeal be considered on its merits in the interests of judicial

- 3 -

economy." *Id.* at 3.[1]  On February 27, 2019, this Court discharged the rule

to show cause order and deferred the *Walker* issue to the present panel.

In *Commonwealth v. Williams*, 206 A.3d 573 (Pa. Super. 2019), we

explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a).  "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018).  The Official Note now reads:
>
>> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In *Walker*, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Walker*, 185 A.3d at 976-77.  Therefore, the *Walker* Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal." *Id.* at 977.  However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.*  Accordingly, the *Walker* Court directed that "*in future cases* Rule 341 will, in

---

[1] Appellant's counsel also filed an application to amend his notice of appeal, which we denied on February 21, 2019.

accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

***Id.*** at 575-76.

In light of the bright-line mandate set forth in Rule 341 and ***Walker***, and applied by this Court in ***Williams***, we cannot grant Appellant the equitable relief of overlooking his non-compliant notice of appeal. Additionally, we must quash despite the fact that the notice of appeal was filed in each case. ***See Commonwealth v. Creese***, -- A.3d ----, 2019 PA Super 241, *2 (Pa. Super. filed Aug. 14, 2019) ("We read our Supreme Court's decision in ***Walker*** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number.") (footnote omitted).

Consequently, because Appellant filed a single notice of appeal containing multiple docket numbers after ***Walker*** was issued, we are constrained to quash his appeal.[2]

Appeal quashed. Jurisdiction relinquished.

Judge Murray joins this memorandum.

Judge Pellegrini files a dissenting memorandum.

---

[2] Nevertheless, even if we did not quash, we would affirm the order denying Appellant's petition for the reasons set forth by the PCRA court in its Rule 1925(a) opinion. ***See*** PCO at 3-14.

J-S45003-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/19

- 6 -