J-S51032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LISA LEE SHILOH, :
:
Appellant : No. 34 MDA 2019

Appeal from the PCRA Order Entered December 18, 2018
in the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000635-2010,
CP-01-CR-0000645-2010

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 24, 2019**

Lisa Lee Shiloh ("Shiloh") appeals from the Order denying her fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We are constrained to quash the appeal.

Following a jury trial, Shiloh was convicted in Adams County on February 1, 2011, of multiple drug-related offenses, at two docket numbers. Following a procedural history not relevant to the instant appeal, on June 23, 2016, Shiloh, *pro se*, filed her fourth PCRA Petition for relief, alleging solely that the prosecution violated her due process rights by permitting a Commonwealth witness to commit perjury during her trial testimony. The PCRA court subsequently appointed Shiloh counsel.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

The trial court conducted a hearing on March 27, 2018. On December 18, 2018, the trial court issued an Order and accompanying Opinion denying Shiloh's Petition. Subsequently and notably, Shiloh filed a *single* Notice of Appeal on December 26, 2018, listing both trial court docket numbers. The trial court then directed Shiloh to file a Pa.R.A.P. 1925(b) concise statement. Shiloh filed her Concise Statement of Matters Complained of on Appeal on January 22, 2019. On February 15, 2019, the trial court issued an Opinion pursuant to Pa.R.A.P. 1925(a), incorporating its December 18, 2018 Opinion therein.[2]

Before considering the merits of Shiloh's claims, we are compelled to first address Shiloh's filing of a single Notice of Appeal for two docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a … trial court." Pa.R.A.P. 341(a). Additionally, the Official Note accompanying Rule 341 directs that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." **Id.**, Official Note.

_____

[2] On March 7, 2019, this Court issued an Order directing Shiloh to show cause as to why her appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Shiloh submitted her Answer on March 13, 2019, arguing that the appeal should not be quashed based largely on her prior history of successfully filing appeals while listing multiple docket numbers, and forcing her to file separate notices of appeal would be duplicative and virtually impossible. On April 1, 2019, this Court discharged the March 7, 2019 show-cause Order.

In **Walker**, our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Accordingly, the **Walker** Court held that the failure to comply with the dictates of Rule 341 and its Official Note would result in quashal of the appeal. **Id.** at 977; **see also id.** (indicating that the Court's holding would be applied prospectively only, as "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law….").

Our Supreme Court filed its decision in **Walker** on June 1, 2018. Shiloh filed her Notice of Appeal, listing both docket numbers, on December 26, 2018. We recognize that Shiloh, as argued in her March 13, 2019 Answer to Rule to Show Cause Order, has previously, successfully, filed several appeals related to this matter—similarly containing both docket numbers—without being quashed by this Court. Nevertheless, we are constrained to quash the instant appeal because Shiloh filed her non-compliant Notice of Appeal after the date of the **Walker** decision. **See Walker**, 185 A.3d at 977; **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019) (quashing appeal where appellant filed a single notice of appeal containing multiple docket numbers on June 5, 2018, four days post-**Walker**).

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2019