J-S36001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AKWASI AFRIYIE :
:
Appellant : No. 2099 MDA 2018

Appeal from the Order Entered December 11, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001678-2018,
CP-36-CR-0001799-2018, CP-36-CR-0001801-2018,
CP-36-CR-0002604-2018

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 08, 2019**

Appellant, Akwasi Afriyie, appeals *pro se* from the post-conviction

court's December 11, 2018 Order that denied and dismissed his PCRA petition

without a hearing. After careful review, we are constrained to quash this

appeal.

On June 28, 2018, Afriyie pled guilty to charges on the cases docketed

to 1801-2018, 1799-2018, 1678-2018, and 2604-2018, in the Court of

Common Pleas of Lancaster County, Criminal Division. In 1801-2018, he pled

_____

[*] Retired Senior Judge assigned to the Superior Court.

guilty to burglary[1] and theft by unlawful taking[2]; in 1678-2018, to two counts each of terroristic threats,[3] disorderly conduct[4] and public drunkenness[5]; and in 2604-2018, to terroristic threats,[6] harassment,[7] and stowaways prohibited.[8] In the last case, 1799-2018, he pled guilty to criminal trespass.[9]

In accordance with a negotiated plea agreement, he was sentenced to an aggregate sentence of time served to twenty-three (23) months of incarceration and a consecutive sentence of probation for three (3) years. According to the PCRA Court, "[d]uring the proceedings, [Afriyie] confirmed on the record that he committed the offenses and that he was pleading guilty because he committed the offenses, and he also acknowledged that he was pleading guilty to the facts underlying each charge as read into the record by the Commonwealth." Rule 907 Notice, 11-14-18, at 2. At the time of the guilty plea and sentencing, he was represented by a public defender. No direct appeal was filed.

In August 2018, Afriyie filed a *pro se* Motion for Relief under the Post-Conviction Relief Act. The PCRA Court appointed counsel for Afriyie, however,

---

[1] 18 Pa.C.SA. § 3502(a)(4).
[2] 18 Pa.C.SA. § 3921(a).
[3] 18 Pa.C.SA. § 2706(a)(1).
[4] 18 Pa.C.SA. § 5503(a)(2).
[5] 18 Pa.C.SA. § 5505.
[6] 18 Pa.C.SA. § 2706(a)(1).
[7] 18 Pa.C.SA. § 2709(a)(4).
[8] 18 Pa.C.SA. § 3504(b)(1).
[9] 18 Pa.C.SA. § 3503(a)(11).

counsel filed a Finley/Turner letter and motion to withdraw. The motion to withdraw was granted by the PCRA Court on November 14, 2018.

On December 26, 2018, Afriyie filed an appeal with the Superior Court of Pennsylvania.

Before we can delve into the merits of Afriyie's appeal, we must address the fact that he filed a single notice of appeal for an order that resolved issues relating to four different docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Therefore, the **Walker** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one

- 3 -

docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Accordingly, the **Walker** Court directed that "*in future cases* Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* (emphasis added). **See also**, **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019) (applying **Walker** to quash appeal filed June 5, 2018).

The **Walker** opinion was filed on June 1, 2018. Here, Appellant's *pro se* notice of appeal containing multiple docket numbers was filed on December 26, 2018. In light of this record, we are compelled to conclude that Appellant's non-compliant notice of appeal was filed after the **Walker** decision. Therefore, we must quash this appeal in accordance with Rule 341 and **Walker**.

Appeal quashed. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/08/2019