J-S28034-19
J-S28035-19
J-S28036-19

## **NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK, | : | |
| | : | |
| Appellant | : | No. 927 MDA 2018 |

Appeal from the Judgment of Sentence May 16, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000662-2017
CP-41-CR-0001350-2017
CP-41-CR-0001929-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK, | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 16, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000662-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK, | : | |
| | : | |
| Appellant | : | No. 1506 MDA 2018 |

J-S28034-19
J-S28035-19
J-S28036-19

Appeal from the Judgment of Sentence May 16, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001350-2017

BEFORE: BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 13, 2019**

Timothy Allen Cohick (Appellant) appeals from the judgment of sentence entered on May 16, 2018, following revocation of his parole, intermediate punishment (IP), and probation at three separate docket numbers.[1] Appellant's counsel has filed petitions to withdraw and briefs pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we quash these appeals and deny counsel's petitions to withdraw as moot.

We provide the following background. On November 3, 2017, Appellant pleaded guilty at docket number 662-2017 to fleeing or attempting to elude a police officer, driving under the influence (DUI), possession of controlled substance, possession of drug paraphernalia, resisting arrest, tampering with physical evidence, and driving under suspension – DUI

_____

[1] As will be discussed *infra*, Appellant filed three separate notices of appeal. Because these cases are interrelated and the same issue is involved at each appeal, we consolidate the appeals. Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.")

* Retired Senior Judge assigned to the Superior Court.

- 2 -

related, and at docket number 1350-2017 to two counts of theft by failure to make required disposition of funds. On February 26, 2018, Appellant pleaded guilty at docket number 1929-2017 to providing false identification to law enforcement. On March 26, 2018, Appellant was sentenced at all three docket numbers to an aggregate term of 9 to 18 months of incarceration, followed by three and one-half years of supervision under the IP program, followed by one and one-half years of probation.

On March 28, 2018, Appellant was accepted into DUI court, and the conditions of his supervision were amended to include the successful completion of DUI court. Appellant was released from incarceration on April 2, 2018, due to his credit for time served. On April 3, 2018, as part of the DUI court program, Appellant "was placed on a Transdermal Alcohol Device (TAD) unit" to monitor Appellant's consumption of alcohol, which was prohibited while participating in DUI court. Trial Court Opinion, 10/25/2018, at 2. "On April 8, 2018, there was a reading of .104 between 12:52 a.m. and 6:27 a.m., and there was a reading of .025 between 11:27 p.m. on April 8 and 12:42 a.m. on April 9, 2018." *Id.* (footnote omitted).

On May 10, 2018, the trial court held a parole, IP, and probation violation hearing. At the conclusion of the hearing, the court found that Appellant had violated the conditions of his supervision by consuming alcohol

and referred the case to DUI court for sanctions. On May 16, 2018, the DUI court sentenced Appellant to a period of incarceration of 45 days.

On June 4, 2018, Appellant filed a single notice of appeal at all three docket numbers (docketed at 927 MDA 2018), and attached the May 10, 2018 trial court order as the order from which he appealed. In this Court, we issued a rule to show cause as to why the appeal should not be quashed as interlocutory and in light of our Supreme Court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that failure to file separate notices of appeal from a single order resolving issues on more than one lower court docket will result in quashal of the appeal). *Per Curiam* Order, 7/13/2018. On July 23, 2018, Appellant responded, arguing that the appeal was not interlocutory as the notice of appeal should have referenced the May 16, 2018 order imposing sanctions and not the trial court's May 10, 2018 order, and requesting leave for counsel, "who ha[d] only recently become aware of [the requirements of *Walker*, to] file the additional notices for the remaining dockets." Appellant's Response to Rule to Show Cause, 7/23/2018, at 2 (unnumbered) (unnecessary capitalization altered).

On August 9, 2018, this Court discharged the rule and granted Appellant leave to file additional notices of appeal "without prejudice for the merits panel to quash some or all of the appeals upon review." *Per Curiam*

- 4 -

Order, 8/9/2018. On August 24, 2018, Appellant filed two additional notices of appeal (docketed at 1497 MDA 2018 for docket number 662-2017, and at 1506 MDA 2018 for docket number 1350-2017). Subsequently, this Court dismissed Appellant's appeal at 927 MDA 2018 for failure to file a brief. Upon application by Appellant's counsel, this Court reinstated Appellant's appeal. Counsel ultimately filed an **Anders** brief and petition to withdraw as counsel at each docket number. Before we reach counsel's petition to withdraw pursuant to **Anders**, we must address first the fact that Appellant initially filed a single notice of appeal from an order resolving issues raised at three docket numbers.

In **Walker**, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." Pa.R.A.P. 341, Note. In **Walker**, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." 185 A.3d at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date **Walker** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. The Court

emphasized that the "failure to do so will result in quashal of the appeal."

*Id.*

In this case, on June 4, 2018, Appellant filed a single notice of appeal from an order disposing of issues at three docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in ***Walker***, and failed to comply with Rule 341, we are bound by ***Walker*** to quash this appeal.

We recognize Appellant's belated attempt to comply with ***Walker*** by filing two additional notices of appeal. However, our Supreme Court did not carve out any exceptions in ***Walker***, and we have no authority to create exceptions ourselves. ***See Walker***, 185 A.3d at 976-77 (holding that held the note to Rule 341 provides a "bright-line mandatory" rule, and the failure to comply with that rule will result in quashal).

Moreover, it is well-settled that this Court is prohibited from enlarging the time to file a notice of appeal beyond the 30-day timeframe absent fraud or a breakdown in the processes of a court. Pa.R.A.P. 105(b), Note. Here, there was no fraud or a breakdown in the processes of a court. Rather, counsel simply failed to follow the bright-line mandatory rule announced in ***Walker***. Thus, the *per curiam* order purportedly permitting Appellant to file an amended notice of appeal beyond the 30-day timeframe

was in error, and Appellant's August 24, 2018 notices of appeal must be quashed as untimely filed beyond the 30-day timeframe.

Accordingly, we are compelled to quash these appeals. ***See Commonwealth v. Williams***, 206 A.3d 573 (Pa. Super. 2019) (quashing *pro se* prisoner's notice of appeal, filed June 4 or 5, 2018, from an order resolving issues related to four different docket numbers); ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (dismissing appeal as untimely filed beyond 30-day timeframe where record contained no evidence of a court holiday or breakdown in the operations of the court, which might have excused an untimely filing).

Appeals quashed. Counsel's petitions to withdraw denied as moot.

Judge McLaughlin joins this memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

- 7 -