J-A23019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,

                      Appellee

                    v.

KENNETH M. QUICK,

                    Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 1641 WDA 2018

Appeal from the PCRA Order Entered October 22, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002811-1985
CP-02-CR-0002815-1985

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY BENDER, P.J.E.:      FILED  SEPTEMBER 16, 2019

Appellant, Kenneth M. Quick, appeals from the October 22, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   For the following reasons, we are compelled to quash this appeal.

In July of 1985, Appellant pled guilty in two separate cases to various sexual offenses committed against different minor victims.  On October 24, 1985, he was sentenced to an aggregate term of 20 to 40 years' incarceration. He did not file a direct appeal.

On June 19, 2018, Appellant filed a pro se PCRA petition — his third — alleging that his sentence is illegal.  Counsel was appointed and an amended petition was filed on Appellant's behalf.  On October 22, 2018, the court issued

an order dismissing Appellant's petition as being untimely filed.[1] That order listed the two docket numbers of Appellant's underlying cases. On November 16, 2018, Appellant filed a single notice of appeal, which also listed both docket numbers.

In Commonwealth v. Williams, 206 A.3d 573 (Pa. Super. 2019), this Court explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...." Commonwealth v. Walker, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
> > Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In Walker, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-77. Therefore, the Walker Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Id. at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while

_____

[1] For some unknown reason, this order is not contained in the certified record. However, it is attached to Appellant's notice of appeal.

> disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." Id. Accordingly, the Walker Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Id. (emphasis added).

Id. at 575-76.

The Walker opinion was filed on June 1, 2018. Appellant's notice of appeal listing two docket numbers was filed on November 16, 2018. Thus, in accordance with Rule 341 and Walker, we are compelled to quash this appeal. See Williams, 206 A.3d at 576 (quashing the appeal based on non-compliance with Rule 341 and Walker); see also Commonwealth v. Creese, --- A.3d ----, 2019 PA Super 241 (Pa. Super. filed Aug. 14, 2019) ("We read our Supreme Court's decision in Walker as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number.") (footnote omitted). However, we quash without prejudice to Appellant's right to seek PCRA relief by pleading and proving that his current counsel's act of filing a defective notice of appeal amounts to per se ineffectiveness and satisfies the timeliness exception of section 9545(b)(1)(ii), thus warranting the reinstatement of his right to appeal from the October 22, 2018 order denying his present petition. See Commonwealth v. Peterson, 192 A.3d 1123 (Pa. 2018); Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2019