J-S47041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREA E. BIDDING, | : | |
| | : | |
| Appellant | : | No. 227 MDA 2019 |

Appeal from the PCRA Order Entered January 18, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002207-2008,
CP-40-CR-0002516-2008

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: OCTOBER 15, 2019**

Andrea E. Bidding ("Bidding") appeals from the Order denying and dismissing her first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Matthew P. Kelly, Esquire ("Attorney Kelly"), has filed a Petition for leave to withdraw as counsel, and an accompanying brief pursuant to **Turner**/**Finley**.[1]  We quash the appeal, and dismiss Attorney Kelly's Petition.

On April 23, 2009, Bidding entered a negotiated guilty plea to murder of the third degree and criminal conspiracy to commit robbery at Luzerne County docket number 2516-2008 ("2516-2008"), and one count of possession of a controlled substance and two counts of possession with intent

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to deliver at Luzerne County docket number 2207-2008 ("2207-2008"). The trial court sentenced Bidding, at 2516-2008, to an aggregate term of 20 to 40 years in prison, and at 2207-2008, to an aggregate term of two to four years in prison, to be served consecutively to the sentence at 2516-2008. On May 4, 2011, this Court affirmed Bidding's judgments of sentence. **See Commonwealth v. Bidding**, 30 A.3d 527 (Pa. Super. 2011) (unpublished memorandum). Bidding did not file a Petition for allowance of appeal with the Pennsylvania Supreme Court.

On August 3, 2018, Bidding filed a *pro se* PCRA Petition, her first. Bidding was appointed counsel, who subsequently filed a Motion to Withdraw and a "no-merit" letter pursuant to **Turner**/**Finley**. On January 18, 2019, following a hearing, the PCRA court granted counsel's Motion to Withdraw, denied and dismissed Bidding's Petition, and appointed Attorney Kelly as Bidding's appellate counsel.

Attorney Kelly filed a *single* Notice of Appeal, listing the two case numbers for Bidding's judgments of sentence. The trial court directed Bidding to file a Pa.R.A.P. 1925(b) concise statement. In lieu of filing a concise statement, Attorney Kelly indicated his intention to withdraw as counsel. Attorney Kelly subsequently filed a Petition for leave to withdraw as counsel and a **Turner**/**Finley** brief.

Before considering the merits of Bidding's claims, we must first address the fact that Bidding filed a single Notice of Appeal for two docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may

be taken as of right from any final order of a … trial court." Pa.R.A.P. 341(a).
Additionally, the Official Note to Rule 341 directs that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." *Id.*, Official Note.

In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Id.* at 976-77. Accordingly, the *Walker* Court held that the failure to comply with the dictates of Rule 341 and its Official Note would result in quashal of the appeal. *Id.* at 977; *see also id.* (indicating that the Court's holding would be applied prospectively only, as "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law….").

The *Walker* Opinion was filed on June 1, 2018. Here, Bidding filed her

Notice of Appeal, listing both docket numbers, on February 5, 2019.[2] Because Bidding's non-compliant Notice of Appeal was filed after the date of the *Walker* decision, we are constrained to quash the appeal. *See Walker*, 185 A.3d at 977; *Commonwealth v. Williams*, 206 A.3d 573 (Pa. Super. 2019) (quashing appeal where appellant filed a single notice of appeal containing multiple docket numbers on June 5, 2018, just four days after the *Walker* decision).

Appeal quashed. Jurisdiction relinquished. Petition for leave to withdraw dismissed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2019

---

[2] On February 19, 2019, this Court issued a Rule to Show Cause why Bidding's appeal should not be quashed, pursuant to *Walker*. Bidding filed a timely Response, arguing that *Walker*, which involved an appeal from a single order disposing of separate motions filed by four defendants at four separate docket numbers, *see Walker*, 185 A.3d at 971, is inapplicable to the instant case, which concerns only one defendant. On March 14, 2019, this Court issued an Order discharging the Rule to Show Cause, and referring the issue to the merits panel. We conclude that Bidding's attempt to distinguish the circumstances of her case is unavailing, as neither Rule 341 nor *Walker* indicates that a different standard must apply when multiple docket numbers concern the same defendant. Instead, as the certified record reflects that the trial court imposed a separate sentence at each docket number, Bidding's appeal clearly involves "one or more orders [which] resolves issues arising on more than one docket or relating to more than one judgment[,]" Pa.R.A.P. 341, Official Note, and thus fits squarely within the dictates of *Walker*.

- 4 -