J-S54019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 1558 MDA 2018 |

Appeal from the PCRA Order Entered August 20, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001839-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 1559 MDA 2018 |

Appeal from the PCRA Order Entered August 20, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001838-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 1560 MDA 2018 |

Appeal from the PCRA Order Entered August 20, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002199-2012

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: OCTOBER 18, 2019**

Angel Martinez appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we quash.

Martinez was charged in three separate cases (CP-67-CR-0002199-2012; CP-67-CR-0001838-2013; and CP-67-CR-0001839-2013) with sexual crimes committed against minors and related offenses.  Over the course of roughly six years, Martinez sexually assaulted his three biological daughters in his home.  The three cases were consolidated for trial.  On December 12, 2013, a jury found Martinez guilty on all charges in each of the cases.  The Commonwealth sought five mandatory minimum sentences in the three cases, pursuant to 42 Pa.C.S. § 9718 (sentences for offenses against infant persons).  On March 27, 2014, the trial court sentenced Martinez to an aggregate sentence of 81½ to 163 years' imprisonment.

Martinez filed a timely post-sentence motion seeking credit for time served and raising an objection to the imposition of mandatory minimum sentences pursuant to *Alleyne v. U.S.*, 570 U.S. 99 (2013), in which the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt.  *Id.* at 116.  The motion also sought reconsideration of his sentence on the basis that the verdicts were against the weight of the evidence.  The trial court granted the motion in part, awarding Martinez credit for time served, and denied the remainder of the motion.

- 2 -

Martinez filed an appeal; however, that appeal was dismissed by our Court for counsel's failure to file a brief. On August 12, 2015, Martinez filed a motion for a new trial based on after-discovered evidence. The trial court interpreted Martinez's motion as a PCRA petition and, on October 26, 2015, reinstated Martinez's appellate rights. Martinez filed an appeal alleging that the verdict was against the weight of the evidence and that imposition of his mandatory minimum sentence under section 9718 violated **Alleyne**. Our Court affirmed Martinez's convictions, but vacated the judgment of sentence and remanded for resentencing concluding that the mandatory minimum sentences were unlawful. **See Commonwealth v. Martinez**, No. 1994 MDA 2015 (filed Oct. 14, 2016) (unpublished memorandum). On February 3, 2017, Martinez was resentenced to the same aggregate sentence of 81½ to 163 years' incarceration.

On December 19, 2017, Martinez filed the instant PCRA petition. Appointed counsel filed an amended PCRA petition. Following an August 20, 2018 PCRA hearing, the trial court denied Martinez's petition. The order denying Martinez's petition lists the three docket numbers of the underlying cases. On September 17, 2018, Martinez filed a *single* notice of appeal from that order, which also lists the three separate docket numbers.[1]

_____

[1] Counsel sent the same notice of appeal to this Court three times, one for each lower court docket number. Those appeals were docketed at Nos. 1558-1560 MDA 2018. On October 22, 2018, our Court *sua sponte* consolidated the three appeals by order. **See** Pa.R.A.P. 513.

In **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019), this Court recently explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)[.]" **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
> > Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, [] 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two [defendants]' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.

**Id.** at 575.

In **Walker**, our Supreme Court found the above-language constituted "a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Accordingly, the **Walker** Court held that "the proper practice under Rule 341(a) is to file *separate* appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Id.** at 977 (emphasis added). However, the Court made its holding prospective, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed

- 4 -

appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "in future cases Rule 341 will, in accordance with its Official Note, *require* that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal *must* be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

***Walker*** was filed on June 1, 2018. Martinez's notice of appeal listing all three docket numbers was filed on September 17, 2018. Thus, in accordance with Rule 341 and ***Walker***, we are compelled to quash this appeal where counsel did not follow the dictate that *separate* notices of appeal for *each* of the three docket numbers must have been filed in the trial court. ***See Williams***, 206 A.3d at 576 (quashing appeal based on noncompliance with Rule 341 and ***Walker***).[2]

Appeal quashed.[3]

_____

[2] We recognize that in ***Commonwealth v. Stansbury***, 2019 PA Super 274 (Pa. Super. filed Sept. 5, 2019), our Court decline to quash an appeal where a defendant filed one notice of appeal listing two docket numbers. ***Id.*** at *3. In that case, the trial court advised a *pro se* defendant to file "**a** written notice of appeal to the Superior Court" from a single trial court order listing multiple docket numbers under one caption. ***Id.*** at *4-5. (emphasis in original). Our Court concluded that the defendant had been misinformed by the trial court, which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with ***Walker***. ***Id.*** at *5-7. Instantly, we discern no breakdown in the court system, especially where counsel concedes he was unaware of ***Walker*** and admits he did not comply with its mandate. ***See infra*** n.3.

[3] On October 2, 2018, this Court issued orders directing Martinez to show cause why his appeals should not be quashed in light of ***Walker***. In counsel's "Answer to Rule to Show Cause," he indicates that he was "unaware of the

Judge Dubow joins this Memorandum.

Judge Bowes concurs in the result of this Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2019

---

mandates of [] **Walker**[,] has been placing all docket numbers on one [n]otice of [a]ppeal for the past twenty-eight (28) years of practice[,] [t]his is the first instance where [he] has become aware that multiple docket numbers on one notice of appeal does not comply with Rule 341[, and q]uashal of the appeal would be prejudicial to [Martinez and] unduly delay the matter[.]"  Answer to Rule to Show Cause, 10/9/18, at ¶ 5 (a-f).  Unfortunately for counsel, **Walker**'s holding is mandatory and we are compelled to quash.  **See Commonwealth v. Creese**, 2019 PA Super 241, at *5 (Pa. Super. filed Aug. 14, 2019) ("[I]f we consistently apply **Walker** by quashing any notice of appeal filed after June 1, 2018 that contains more than one docket number . . . it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy **Walker** and Rule 341(a).").