J-S44010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                      :            PENNSYLVANIA

v.                      :

PARIS LIONEL JAMES           :

        Appellant          :     No. 1477 WDA 2018

Appeal from the PCRA Order Entered September 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000101-1996,
CP-02-CR-0000416-1996, CP-02-CR-0000555-1996,
CP-02-CR-0000805-1996, CP-02-CR-0006143-1996,
CP-02-CR-0010523-1995, CP-02-CR-0017500-1995

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:          **FILED NOVEMBER 14, 2019**

Appellant, Paris Lionel James, appeals *pro se* from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We quash the appeal.

A prior panel of this Court, addressing the appeal of the PCRA court's denial of Appellant's then third PCRA petition, summarized the procedural and factual history of this case as follows:

> On September 6, 1996, [Appellant] pleaded guilty to first degree murder, second degree murder, and numerous related offenses in connection with a crime spree that [Appellant] and accomplices conducted in Pittsburgh during November 1995. During that time, [Appellant] robbed and abducted two jitney drivers. Both men were forced into the trunks of their cars during their separate abductions. One man died from positional asphyxiation while the second was shot

dead at a remote location. [Appellant's] crimes also included the armed robberies of gas stations, one of which was committed while [Appellant] was holding one of the jitney drivers in the trunk of his car.

Judgment of sentence was imposed immediately following the entry of the guilty pleas. The trial court sentenced [Appellant] to serve two consecutive terms of life imprisonment as well as additional consecutive prison terms. This Court affirmed the judgment of sentence on September 8, 1998, and the Supreme Court denied [allowance of] appeal on January 12, 1999. *Commonwealth v. James*, 726 A.2d 1079 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 734 A.2d 861 (Pa. 1999).

On January 6, 2000, [Appellant] filed his first PCRA petition. Counsel was appointed, who filed a "no-merit" letter and was permitted to withdraw. The petition was dismissed on October 11, 2000, and the decision was affirmed on appeal. *Commonwealth v. James*, 792 A.2d 614 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 798 A.2d 1288 (Pa. 2002).

On April 21, 2005, [Appellant] filed [his second PCRA petition]. This petition was dismissed as untimely filed and [Appellant filed an appeal]. Upon review, we [agreed] with the PCRA court that the petition [was] untimely and no statutory exception [applied].

*Commonwealth v. James*, [905 A.2d 1044,] No. 1435 WDA 2005, unpublished memorandum at 1-2 (Pa. Super. filed June 21, 2006) (footnote and some capitalization omitted), *appeal denied*, 909 A.2d 303 (2006).

On June 8, 2017, [Appellant] filed [his third PCRA petition]. On August 10, [2017], the PCRA court filed a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. [Appellant] filed a timely response to the notice. By order entered on October 2, 2017, the PCRA court dismissed the petition. [A] timely appeal followed [on October 27, 2017].

***Commonwealth v. James***, 195 A.3d 1022, 1678 WDA 2017, unpublished memorandum at 1-3 (Pa. Super. filed August 23, 2018) (internal citation omitted). This Court affirmed the PCRA court's order dismissing Appellant's third PCRA petition on August 23, 2018. ***Id.*** Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court on September 20, 2018, which was denied on April 10, 2019. ***Commonwealth v. James***, 206 A.3d 492, 409 WAL 2018 (Pa. filed April 10, 2019).

While Appellant's third PCRA petition was pending on appeal, Appellant filed the instant petition, his fourth, on July 12, 2018.[1] The PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, and the petition was dismissed on September 17, 2018.[2] Appellant filed his notice of appeal on October 12, 2018.[3] The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, however, no Pa.R.A.P. 1925(b) statement appears in the record.

Before we may reach the merits of the instant appeal, we are compelled to address the issue of whether this appeal must be quashed pursuant to Rule

---

[1] On this fourth PCRA petition, Appellant listed seven docket numbers: CP-02-CR-0010523-1995; CP-02-CR-0017500-1995; CP-02-CR-0000101-1996; CP-02-CR-0000416-1996; CP-02-CR-0000555-1996; CP-02-CR-0006143-1996; and CP-02-CR-0000805-1996.

[2] The order denying Appellant's fourth PCRA petition included all seven docket numbers. Order, 9/17/18, at 1.

[3] While Appellant filed a notice of appeal at only CP-02-CR-0010523-1995, the notice of appeal included all seven docket numbers.

of Appellate Procedure 341(a) and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Rule 341(a) provides in relevant part that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). In 2013, the note to Rule 341 was amended to provide the following clarification regarding compliance with Rule 341(a):

> Where ... one or more orders resolve[] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, note.

In **Walker**, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress filed by four separate defendants at four docket numbers. **Walker**, 185 A.3d at 971. Our Supreme Court noted that Pennsylvania appellate courts had historically declined to quash a single notice of appeal filed to challenge multiple appealable orders, but concluded that the 2013 amendment to the note to Rule 341 established "a bright-line mandatory instruction to petitioners to file separate notices of appeal." **Id.** at 974-977. Thus, the Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. The Court stated that the failure to comply with this rule requires quashal of the appeal. **Id.** at 977.

> [T]he Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the

- 4 -

intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." Accordingly, the **Walker** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."

**Commonwealth v. Williams**, 206 A.3d 573, 575-576 (Pa. Super. 2019) (emphasis in original) (internal citations omitted).

The **Walker** opinion was filed on June 1, 2018. Here, Appellant's *pro se* notice of appeal listing seven docket numbers was filed on October 12, 2018. Thus, **Walker** applies to the matter *sub judice*. Consequently, in accordance with Rule 341 and **Walker**, we are compelled to quash this appeal. **See Williams**, 206 A.3d at 576 (quashing the appeal based on non-compliance with Rule 341 and **Walker**); **see also Commonwealth v. Creese**, ___ A.3d ___, ___, 2019 PA Super 241, *2 (Pa. Super. filed Aug. 14, 2019) ("We read our Supreme Court's decision in **Walker** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number.") (footnote omitted).

Appeal quashed. [4]

_____

[4] We also note that the PCRA court lacked jurisdiction to consider the merits of Appellant's instant petition. Appellant filed the instant appeal, his fourth, while his third PCRA petition was pending on appeal. Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's fourth PCRA petition. **See Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2019

---

2019) (citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000)) ("Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal.")  Thus, because the PCRA court lacked jurisdiction to consider Appellant's fourth PCRA petition, it did not err in dismissing the petition.

We observe that the PCRA court dismissed Appellant's instant PCRA petition on the basis of its untimeliness and Appellant's failure to establish an exception to the PCRA time-bar.  PCRA Court Opinion, 12/13/18, at 1.  Had this appeal not been quashed, we would have affirmed the denial of relief on Appellant's current petition, albeit on the basis of the PCRA court's lack of jurisdiction due to the prior PCRA petition pending on appeal.  **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct).