J-S67020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA SHANE MILLER | : | |
| | : | |
| Appellant | : | No. 536 MDA 2019 |

Appeal from the PCRA Order Entered March 26, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001161-2017,
CP-40-CR-0001682-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED JANUARY 16, 2020**

Appellant, Joshua Shane Miller, appeals from the Order entered March 26, 2019, after the Luzerne County Court of Common Pleas dismissed his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant's counsel has filed a "No Merit/***Turner Finley***[1] Brief" and an Application to Withdraw as Counsel. Upon review, we quash this appeal pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and deny counsel's Motion to Withdraw as moot.

On October 24, 2018, Appellant entered guilty pleas at two different docket numbers: Docket No. 1682-2016 (Possession of a Firearm Prohibited)

---

[*] Former Justice specially assigned to the Superior Court.

[1]  ***Commonwealth   v.   Turner***,   544   A.2d   927   (Pa.   Super. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

and Docket No. 1161-2017 (Possession of a Controlled Substance Contraband by Inmate). On the same date, the trial court sentenced Appellant for both convictions to an aggregate term of 48 to 96 months of incarceration. Appellant did not file a post-sentence motion or a direct appeal.

On April 6, 2018, Appellant filed a *pro se* PCRA Petition, listing both Docket Nos. 1682-2016 and 1161-2017.[2] On December 11, 2018, the court appointed counsel, Leonard Gryskewicz, Esq.[3] Attorney Gryskewicz filed a Supplemental PCRA Petition, which also listed Docket Nos. 1682-2016 and 1161-2017. On March 26, 2019, the court held a PCRA hearing, and "denied and dismissed [Appellant's] PCRA [P]etition in its entirety." N.T. PCRA Hearing, 3/26/19, at 71.

On April 2, 2019, Appellant filed a counseled Notice of Appeal listing Docket Nos. 1682-2016 and 1161-2017.[4] Attorney Gryskewicz filed, simultaneously with the Notice of Appeal, a Motion for the Appointment of Substitute Appellate Counsel. The court thereafter appointed Matthew Kelly, Esq., to represent Appellant in this appeal. Attorney Kelly filed an ordered

---

[2] Appellant filed another *pro se* PCRA Petition on June 12, 2018, listing Docket Nos. 4285-09, 1682-2016, and 1161-2017.

[3] On November 27, 2018, the court initially appointed Jeffrey Yelen, Esq., as PCRA counsel.

[4] Appellant filed only one Notice of Appeal in the lower court, which the court clerk noted in each of the dockets. The actual Notice of Appeal is contained only within the certified record pertaining to docket number 1682-2016.

Pa.R.A.P. 1925(b) Statement, and the PCRA court issued an Opinion pursuant to Pa.R.A.P. 1925(a).

Appellate counsel filed a "No Merit/**Turner Finley** Brief" and Application to Withdraw as Counsel with this Court. Appellant has not filed a response.

In **Commonwealth v. Walker**, the Supreme Court of Pennsylvania addressed the issue of filing separate notices of appeal when a single order resolves issues arising on more than one trial court docket, and held that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case. . . . The failure to do so will result in quashal of the appeal." 185 A.3d at 971, 977 (footnote omitted).

Because Appellant filed his appeal after the Supreme Court decided **Walker**, this Court issued an Order on May 17, 2019, directing Appellant to show cause why the appeal should not be quashed pursuant to **Walker**. Appellant's counsel replied that **Walker** is distinguishable because that case involved four different criminal defendants where the Commonwealth filed one notice of appeal, whereas in this case, Appellant filed one Notice of Appeal listing the two docket numbers included in the sentencing order. The Court discharged the show-cause Order on June 11, 2019.

It is undisputed that Appellant filed a single Notice of Appeal from an Order filed at two docket numbers. Because Appellant filed his Notice of Appeal after our Supreme Court's decision in **Walker**, we must quash this appeal.

*See Commonwealth v. Williams*, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing non-compliant notice of appeal filed after *Walker*).

Appeal quashed. Application to Withdraw as Counsel denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2020