J-S01022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISANDRO RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3355 EDA 2018 |

Appeal from the PCRA Order Entered October 17, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001347-2014,
CP-51-CR-0001348-2014, CP-51-CR-0001349-2014,
CP-51-CR-0001368-2014, CP-51-CR-0001369-2014,
CP-51-CR-0001370-2014, CP-51-CR-0009277-2013,
CP-51-CR-0012269-2012, CP-51-CR-0012272-2012,
CP-51-CR-0014458-2012.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **Filed January 30, 2020**

Lisandro Rodriguez appeals from the order that denied his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We quash.

The pertinent facts and procedural history are as follows.  On July 7, 2014, Rodriguez entered guilty pleas to multiple criminal charges filed at ten different dockets.  The 2012 docket arose after Rodriguez fled from the police at a high rate of speed in a stolen car that ended in a multiple vehicle accident. Inside the car, the police observed drugs and firearms.  The 2013 docket arose

_____

[*] Retired Senior Judge assigned to the Superior Court.

after Rodriguez broke into someone's house and stole guns and other items. Docket CP-51-CR-0009277-2013 arose after police executed a search warrant at Rodriguez's residence and recovered drugs and firearms. Finally, the six 2014 dockets arose after Rodriguez fled from police at a high rate of speed while driving a stolen vehicle. Again, the police chase ended with a multiple vehicle accident that injured several people.

On January 7, 2015, the trial court sentenced Rodriguez to an aggregate term of twenty to forty years of imprisonment. Rodriguez did not file a direct appeal.

On January 16, 2018, Rodriguez filed a counseled PCRA petition. On September 20, 2018, the Commonwealth filed a motion to dismiss. The next day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Rodriguez's petition without a hearing. Rodriguez did not file a response. By order entered October 17, 2018, the PCRA court denied Rodriguez's petition as untimely filed. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

In his statement of issues, Rodriguez raises several issues in which he claims he is innocent of some of the crimes to which he pled guilty and claims that the Supremacy Clause of the United States Constitution[1] renders his petition timely. Before addressing the merits of these issues, we must first

---

[1] *See* Article VI, ¶ 2.

address the fact that Rodriguez filed a single notice of appeal on which he identifies ten separate docket numbers.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal when one notice of appeal was filed for orders entered at more than one docket number. The Official Note accompanying Pa.R.A.P. 341(a) provides that "[w]here . . . one or more orders resolves issues arising on more than one docket . . . separate notices of appeal must be filed." In **Walker**, our Supreme Court concluded that the "Official Note to Rule 341 provides a bright-line mandatory instruction for practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Thus, the Court held that for appeals filed after June 1, 2018, the date the **Walker** decision was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. Our Supreme Court emphasized that the "failure to do so will result in quashal of the appeal." **Id.**

Here, on November 30, 2018, Rodriguez filed a single notice of appeal from the order denying post-conviction relief at ten separate docket numbers.[2]

_____

[2] On March 5, 2019, this Court issued a rule to show cause why this appeal should not be quashed based on **Walker**. Rodriguez's counsel filed a response. In fact, he argues the applicability of **Walker** as his first issue on appeal. Although counsel makes some valid observations, we are bound by the **Walker** decision, as well as the subsequent cases from this Court interpreting **Walker**.

Because Rodriguez filed his notice of appeal after our Supreme Court's decision in **Walker**, we are constrained to quash this appeal. **See Commonwealth v. Williams**, 206 A.3d 573, 576 (Pa. Super. 2019) (quashing pro se PCRA petitioner's single appeal, "in accordance with Rule 341 and **Walker**," because it was filed on June 5, 2018, and listed multiple docket numbers).[3]

     Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2020

---

[3] Were we to otherwise address this appeal, we would conclude that the PCRA court correctly concluded that it lacked jurisdiction to consider its merits because the PCRA petition was untimely, and Rodriguez did not plead and prove a time-bar exception. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) (stating the timeliness of a PCRA petition is jurisdictional); **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (explaining that, when a petition is untimely, the PCRA court is precluded from reaching the merits of the petition).