J-S45009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL FIGUEROA | : | |
| | : | |
| Appellant | : | No. 147 EDA 2020 |

Appeal from the PCRA Order Entered November 25, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005381-2018,
CP-46-CR-0008093-2018

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    Filed: December 24, 2020

Miguel Figueroa appeals *pro se* from the denial of his first Post-Conviction Relief Act ("PCRA") petition.  We quash the appeal due to Appellant's failure to comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

On December 19, 2018, Appellant entered into a negotiated guilty plea at the two above-captioned case numbers.  The charges at CP-46-CR-0005381-2018, stemmed from Appellant's supplying cocaine and fentanyl to the leader of a large drug trafficking organization operating within Montgomery County, Pennsylvania.  The separate charges at CP-46-CR-0008093-2018, arose after Appellant was incarcerated on the first case, and law enforcement began reviewing the calls that Appellant was making from prison.  As a result of the ensuing investigation, law enforcement learned that

Appellant was directing his paramours and members of his family to conceal the proceeds from his illegal drug activities until they could launder them. In exchange for Appellant's guilty plea to corrupt organization, possession with intent to deliver ("PWID") 200 grams of fentanyl and 100 grams of cocaine, conspiracy to commit PWID, and dealing in proceeds, the trial court imposed the agreed-upon, mitigated range aggregate sentence of eighteen to forty years of imprisonment. Additionally, federal authorities agreed not to indict Appellant or any of Appellant's immediate family members.

Appellant did not file a direct appeal. However, on January 15, 2019, trial counsel filed a post-sentence motion *nunc pro tunc*. In the motion, counsel asked for time to review the affidavits and warrants due to Appellant's claim that he recently discovered flaws in one or more of them. Appellant also filed a *pro se* motion for extension of time to withdraw his plea agreement on the same grounds, but this motion was treated as a legal nullity since Appellant was represented by counsel. **See** Trial Court Opinion, 3/13/20, at 6 n.4; **see also Commonwealth v. Muhammed**, 219 A.3d 1207, 1210 (Pa.Super. 2019) (noting that "*pro se* filings submitted by counseled defendants are generally treated as legal nullities"). Ultimately, the trial court denied the post-sentence motion *nunc pro tunc*.

On May 6, 2019, Appellant filed a *pro se* PCRA petition claiming that the Commonwealth had withheld three search warrants from discovery.

- 2 -

Appointed counsel submitted, and served upon Appellant, a **Turner**/**Finley**[1] letter and a motion to withdraw, asserting that after reviewing the record, she had concluded that Appellant had no grounds for achieving post-conviction relief. The PCRA court agreed with counsel's assessment and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss, in which it granted counsel's request to withdraw. Appellant filed a *pro se* response and the PCRA court dismissed Appellant's petition as meritless. This appeal followed.

Appellant filed a single notice of appeal, listing both docket numbers. Therefore, as a preliminary matter, we must determine whether this appeal must be quashed due to Appellant's failure to comply with **Walker**, **supra**, before we may proceed to consider Appellant's substantive arguments.

As this Court previously explained:

Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a) . . ." [**Walker**, **supra** at 976]. The Official Note now reads:

Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

In **Walker**, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Walker**, [**supra**, at 976-77]. Therefore, the **Walker** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Id**. at 977. However, the Court tempered its holding by making it prospective [and applicable only to appeals filed after June 1, 2018], recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." **Id**. Accordingly, the **Walker** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.**

**Commonwealth v. Williams**, 206 A.3d 573, 575-76 (Pa.Super. 2019) (emphasis in original).

Since Appellant filed his notice of appeal on December 9, 2019, the rule announced in **Walker** governs. As previously stated, Appellant filed a single notice of appeal listing two docket numbers, rather than separate notices of appeal at each trial court docket. Therefore, Appellant violated our Supreme Court's mandate in **Walker** and we quash his appeal.[2]

_____

[2] A recent *en banc* panel of our court held that we may overlook the requirements of **Walker** where a breakdown occurs in the court system. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa.Super. 2020) (en banc). In **Larkin**, the PCRA court's order informed the appellant that he had "thirty days from the date of this order to file **an** appeal." **Id**. Since the singular use of "an" before "appeal" implied that only one notice of appeal needed to be filed, the order misled the appellant into thinking that he only needed to file one notice of appeal for two docket numbers. Accordingly, we determined

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/20

---

that a breakdown occurred and we could overlook the appellant's failure to comply with **Walker**. **Id**.

Here, however, the **Larkin** exception does not apply. In this case, the order informing Appellant of his appellate rights advised him "of his right to appeal the dismissal of his [p]etition to the Pennsylvania Superior Court within thirty (30) days of the date of this Order." Order, 11/25/19, at 1-2. Unlike in **Larkin**, the PCRA court did not indicate that a single notice of appeal would be sufficient. Therefore, the PCRA court did not mislead Appellant and no breakdown occurred.